# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RASHAN-I: SAVAGE,** *Plaintiff* | : <br> : <br> : |
| v. | : **CIVIL ACTION NO. 19-1114** |
| **LEDERER** *et al.,* *Defendants* | : <br> : <br> : |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**　　　　　　　　　　　　　　　　　　**MARCH 20, 2019**

*Pro se* Plaintiff Rashan-I: Savage, who is currently incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), has filed this civil action pursuant to 42 U.S.C. § 1983 against several individuals and the City of Philadelphia, raising claims related to his detention and prosecution on pending state charges. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Savage leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend as to certain Defendants.

## I.　FACTS

Public dockets reflect that Savage is facing charges of possession of a firearm by a prohibited individual, carrying firearms in public, firearms not to be carried without a license, theft by unlawful taking – movable property, and receiving stolen property. *Commonwealth v. Savage*, Docket No. CP-51-CR-0003098-2018 (Philadelphia Cty. Common Pleas). He is also facing two counts of aggravated assault, recklessly endangering another person, and firearms charges in a separate case. *Commonwealth v. Savage*, Docket No. CP-51-CR-3253-2018.

1

## II. STANDARD OF REVIEW

The Court will grant Savage leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Savage is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Savage fails to state a claim for relief at this time against many of the defendants named in his Complaint.

---

[1] However, as Savage is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1. **Claims Against Assistant District Attorneys Lederer, Kolleen McMullen, Jarek Krajewski and Jordon Foley**

Savage seeks to proceed against Assistant District Attorneys Lederer, Kolleen McMullen, Jarek Krajewski and Jordon Foley. Prosecutors, however, are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). As Savage's claims against these individuals are based on conduct that occurred in the course of their prosecutorial capacity, his claims against them are barred by absolute immunity.

2. **Claims Against Transit Police Officers and the City of Philadelphia**

Savage has also named as Defendants Transit Police Officer Sean Camburn, Transit Police Officer Rooney, and the City of Philadelphia. However, there are no substantive allegations in the Complaint concerning these Defendants. The United States Court of Appeals for the Third Circuit has held that a plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Accordingly, the claims against these Defendants will be dismissed without prejudice and with leave to file an amended Complaint. If Savage so choses to continue with claims against these Defendants, he would be wise to direct his energies toward a simple recitation of the facts supporting his claims — who specifically caused him harm, in what specific way, at what specific time and place — and avoid invocations of

alchemistic, archaic, and irrelevant formalisms that are unlikely to bring him relief in *any* court of law.

### 3. Claims Against Prison Officials

Savage names as Defendants CFCF Major Hatcher and CFCF Warden Delaney. He asserts that he filed a grievance asking for "a copy of the Mittimus papers." He claims his grievance was not reviewed or heard by Warden Delaney or Major Hatcher. (Compl. ¶ II.D.)

There is no constitutional right to a grievance system for incarcerated individuals. *See Jones v. N. C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977) (providing that the law is well settled that there is no constitutional right to a grievance procedure); *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) ) ("Prisoners do not have a constitutional right to prison grievance procedures.); *Davis v. Eberling*, 742 F. App'x 592, 595 (3d Cir. 2018) ("access to prison grievance procedures is not constitutionally required"). Accordingly, the claims against Warden Delaney and Major Hatcher, asserting that they failed to review his grievance, fail to state a plausible claim of a constitutional violation.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Savage leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Savage's right to file an amended complaint within thirty (30) days if he can cure the defects noted above with respect to Defendants Camburn, Rooney and the City of Philadelphia. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.