IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHAN-I: SAVAGE, *Plaintiff* | : : : |
| v. | : : CIVIL ACTION NO. 19-CV-1114 |
| (ASSISTANT DISTRICT ATTORNEY) LEDERER, *et al.*, *Defendants* | : : : : |

**M E M O R A N D U M**

**NITZA I. QUIÑONES ALEJANDRO, J.**  APRIL 12, 2019

*Pro se* Plaintiff Rashan-I: Savage, who is currently incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), filed the original Complaint in this civil action on March 15, 2019, asserting civil rights claims pursuant to 42 U.S.C. § 1983 against several individuals and the City of Philadelphia. (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Memorandum and Order entered on March 20, 2019, the Court granted Savage leave to proceed *in forma pauperis* and dismissed his Complaint with leave to amend as to certain Defendants. Savage has now filed an Amended Complaint ("AC") against the City, the "9th Precinct [sic] of Philadelphia,"[1] and two transit police officers. (ECF No. 7.) For the following reasons, Savage's claim against the City and the Philadelphia Police Department is dismissed and his claim against the individual defendants is stayed and placed in civil suspense.

**I. FACTS**

---

[1] The Court interprets Savage's reference to mean the Philadelphia Police Department.

Public dockets reflect that Savage is facing charges of possession of a firearm by a prohibited individual, carrying firearms in public, firearms not to be carried without a license, theft by unlawful taking – movable property, and receiving stolen property. *Commonwealth v. Savage*, Docket No. CP-51-CR-0003098-2018 (Philadelphia Cty. Common Pleas). He is also facing two counts of aggravated assault, recklessly endangering another person, and firearms charges in a separate case. *Commonwealth v. Savage*, Docket No. CP-51-CR-3253-2018.

## II. STANDARD OF REVIEW

As the Court granted Savage leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Savage is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In the AC, Savage attempts to state a claim for relief against Defendants Transit Police Officer Sean Camburn, Transit Police Officer Rooney, the City of Philadelphia, and the Philadelphia

Police Department. The original claims against the Officers and the City were dismissed without prejudice because Savage included no substantive allegations in the Complaint concerning them. Although couched in mostly irrelevant "sovereign citizen" jargon,[2] in the AC Savage alleges that the two Officers stopped him on April 6, 2018 while he was waiting for a taxi at 1500 Market Street in Philadelphia when they noticed "a bulge on my body." (ECF No. 7 at 4.)[3] When Defendant Rooney approached him and tried to reach for his waist, Savage walked away, was followed by the Officers, and arrested. Savage also alleges that he was taken to the Philadelphia Police Department's Ninth District, questioned on April 7, 2018 by Officer James J. Koenig without the Officer producing a warrant, and, after he refused to sign a document presented to him, the officers "forged initials and badge number on subpoena." (*Id.* at 8.)

    **A.**    **Claim Against The Transit Officers**

Under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the Court must abstain from adjudicating the claim Savage raises in the AC against the individual Defendants. Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). Absent extraordinary circumstances not present here, *Younger* abstention applies when: "(1) there are

---

[2] In the Court's prior memorandum, we directed Savage to "avoid invocations of alchemistic, archaic, and irrelevant formalisms that are unlikely to bring him relief in *any* court of law." (ECF No. 5 at 3-4 (emphasis in original).) Rather than provide the Court with a simple recitation of the facts supporting his claims, Savage has again peppered the AC with irrelevant formalisms and legalisms.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 671 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). *Younger* abstention is "premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. C.C.P., Delaware Cty, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Moreover, application of the *Younger* doctrine to § 1983 civil rights actions in which a plaintiff's claim challenges the validity of the pending state court criminal charges filed against him is appropriate. *See Jaffery v. Atlantic Cty. Prosecutor's Office*, 695 F. App'x. 38, 40-41 (3d Cir. 2017).

The Court concludes that all three *Younger* criteria are met. First, there is an ongoing state criminal proceeding where Savage is the named defendant and the charges are based on the arrest at issue in this federal proceeding. Second, it is axiomatic that state criminal proceedings necessarily implicate important state interests. *Younger*, 401 U.S. at 45-46. Finally, Savage has the opportunity to raise his constitutional claims in the context of his state criminal proceedings in state court at the pre-trial and trial stages and during any appellate proceedings. As Savage's claims concern his ongoing criminal proceedings satisfy the requirements of abstention, and there is no suggestion of extraordinary circumstances contemplated by *Younger*, the Court concludes that it is appropriate to abstain from entertaining the action as abstention is required to preserve the integrity of the state judicial process. Accordingly, the claims against the individual Defendants will be placed in civil suspense.

### B. Claim Against the City

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs of deliberate indifference caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

To support his claim Savage alleges that the City had a policy of "malicious prosecution, where the police made an arrest without probable cause and misrepresented the facts that led to an unlawful arrest." (ECF No. 7 at 9.) Without providing any supporting facts, Savage also asserts "there is a failure to meaningfully investigate and discipline a particular officer or officers in the face of a pattern of misconduct." (*Id.*)

The municipal liability claim is not plausible and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The deliberate indifference standard is a demanding one, "requiring proof that a municipal actor disregarded a known or obvious consequence of [its] action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Savage's rote recitation that the City has a policy of malicious prosecution, and his conclusory allegation of the legal elements of a *Monell* claim, fall far short of this demanding standard.[4] The claim against the City is dismissed with prejudice since, having already afforded Savage the opportunity to amend, and being presented with only sovereign citizen jargon and boilerplate allegations, the Court finds that further leave to amend would be futile.

### C. Claim Against the Philadelphia Police Department

---

[4] Even if the municipal liability claim was plausible, like his claim against the individual Defendants, the municipal liability claim would have to be deferred at this time.

5

Following *Monell*, courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Philadelphia Police Department is not a proper defendant in this case under Section 1983 and is dismissed for this additional reason.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Savage's claims against the City of Philadelphia and the Philadelphia Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim. The claims against the individual Defendants will be stayed and placed in civil suspense pending the resolution of Savage's state court criminal proceedings. An appropriate Order follows.